**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
Jessica M. Walker, SBN 250939
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant,
COUNTY OF EL DORADO

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KEMPER, | **CONSENT DECREE AND ORDER** |
| Plaintiff, | Case No. CV-08-00384 KJM |
| v. | |
| EL DORADO COUNTY, a municipality, | |
| Defendant. | |
| / | Case No. CIV-S-07-00878 KJM |
| GEORGE S. LOUIE, | |
| Plaintiff, | |
| vs. | Louie Complaint filed: 5/9/07 |
| CALIFORNIA JUDICIAL COUNCIL, et al., | Louie Amended Complaint filed: 7/13/07 |
| | Kemper Complaint filed: 2/20/08 |
| Defendants. / | |

## CONSENT DECREE AND ORDER

1. Plaintiff GEORGE LOUIE filed a Complaint on May 9, 2007, and filed an Amended Complaint on July 13, 2007. Plaintiff EDWARD KEMPER filed a Complaint on February 20, 2008. Their Complaints seek to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq., § 504 of the Rehabilitation Act of 1973 and California civil rights laws against Defendant, EL DORADO COUNTY (hereafter "Defendant"). GEORGE LOUIE also presented two Government Claims, one dated on or about June 9, 2008, complaining of inaccessible sidewalks and walkways

1  throughout unincorporated EL DORADO COUNTY and another dated on or about June 9, 2008, asserting inaccessible COUNTY public buildings and facilities existing throughout the COUNTY. Plaintiffs have alleged that Defendant violated Title II of the ADA and §§ 54 and 54.1 of the California Civil Code and §§ 4450, et seq., § 11135 of the California Government Code by failing to provide full and equal access to its services, programs and activities. The parties intend by this Consent Decree to resolve all pending and prospective injunctive relief claims concerning Defendant's programs, services, buildings, facilities, sidewalks, and other public rights of way.

2.  Defendant EL DORADO COUNTY denies the allegations in the Complaints and by entering into this Consent Decree and Order does not admit liability for any of the allegations in Plaintiffs' Complaints filed in this action. The parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit and prospective lawsuits without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION**

3.  The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. and pendant jurisdiction.

4.  In order to avoid the costs, expense and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaints and Claims filed with this Court and/or which would be filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims other than as provided herein.

WHEREFORE, the parties to this Consent Decree agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**

5.  This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant, its employees, agents, officers and representatives that have arisen out of the subject Complaints and claims. The parties agree that there has been

1  no admission or finding of liability or violation of the ADA and/or California civil rights
2  laws, and this Consent Decree and Order should not be construed as such.

3     6.    The parties agree and stipulate that the corrective work hereafter described will
4  be performed in compliance with the standards and specifications for disabled access as set
5  forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act
6  Accessibility Guidelines, unless other standards are specifically agreed to in this Consent
7  Decree and Order.

      a) <u>Remedial Measures, Physical Work To Be Done</u>: The physical work agreed upon by the Parties is described in "Exhibit A" to this Consent Decree, which is attached hereto and incorporated herein by reference as though fully set forth at length at this place.

      b) <u>Remedial Measures, Policy Modifications</u>: The policy modifications agreed to by the Parties are described in "Exhibit B" to this Consent Decree which is attached hereto and incorporated herein by reference as though fully set forth at length at this place. The policy will be implemented no more than 180 days following the parties' execution of the Consent Decree and Order.

      c) <u>Timing of Physical Corrective Work</u>: The timing of the physical work agreed upon by the Parties included in "Exhibit A" will be determined by the COUNTY but in no event, without Court relief, will it take longer than ten (10) years. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant, or its counsel, will notify the Court and Plaintiffs through counsel, if any. Plaintiffs will then either stipulate to an extension of time, based on Defendant's showing of good cause, or if the parties cannot agree, require that Defendant make a motion for relief to the Court, preferably before Magistrate Judge Kimberly J. Mueller or if Judge Mueller is unavailable any other Magistrate Judge pursuant to 28 U.S.C. § 636(c). Further Defendant, or its counsel, will

1  make available annual status reports beginning one year from the entry of this
2  Consent Decree.

3 **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

4       7.      The parties have reached agreement regarding Plaintiffs' claims for damages,
5 attorney fees, litigation expenses and costs.  Defendant shall transmit checks payable as
6 follows: $16,833.35 to Dale Stephens, Plaintiff GEORGE LOUIE'S ADA Consultant;
7 $12,000 payable to J. Grant Kennedy, Plaintiff  GEORGE LOUIE'S legal advisor; and
8 $46,166.65 to George Louie; and $50,000 payable to the Law Offices of Keith Cable and
9 Plaintiff EDWARD KEMPER.  These sums are paid in full satisfaction of Plaintiffs' claims
10 for damages for personal injury, civil rights violations, and any other form of damages, as
11 well as satisfaction of Plaintiffs' claims for attorney fees, litigation expenses and costs.

12 **ENTIRE CONSENT ORDER**

13      8.      This Consent Decree and Order and Exhibits attached to this Consent Decree,
14 which are incorporated herein by reference as if fully set forth in this document, constitutes
15 the entire agreement between the signing parties, and no other statement, promise or
16 agreement, either written or oral, made by any of the parties or agents of any of the parties,
17 that is not contained in this written Consent Decree and Order, shall be enforceable regarding
18 the matters described herein.

19 **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**

20      9.      This Consent Decree and Order shall be binding on Plaintiffs GEORGE
21 LOUIE and EDWARD KEMPER, their attorneys and Defendant EL DORADO COUNTY,
22 and any successors in interest.  The parties have a duty to so notify all such successors in
23 interest of the existence and terms of this Consent Decree and Order during the period of the
24 Court's jurisdiction of this Consent Decree and Order.

25 **MUTUAL RELEASE AND WAIVE OF CIVIL CODE § 1542:**

26      10.     Each of the parties to this Consent Decree understands and agrees that there
27 is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all
28 of them will incur, suffer, or experience some further loss or damage which respect to the

lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of § 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

11. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their representative agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint ventures, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with this Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of ten (10) years after the date of entry of this Consent Decree and Order, or until the relief contemplated by this Order is completed, whichever occurs first. The Court shall retain jurisdiction of this action to enforce provisions of this Order for ten (10) years after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs first.

/ / /

**CONSENT DECREE AND ORDER**

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**COVENANT NOT TO SUE**

14.     Except as provided herein, Plaintiffs GEORGE LOUIE and EDWARD KEMPER and the Law Offices of Keith Cable and the attorneys therein shall for the next ten (10) years from the date of the above-mentioned Order fully refrain from bringing, inducing, encouraging, or assisting in the bringing of any action or proceeding seeking injunctive relief and/or damages against EL DORADO COUNTY, its employees, agents, officers or representatives for any claimed violation, act or omission under the ADA or any of the other laws or statutes asserted in the Complaints and claims referenced herein. "Assisting" does not include mere reference to matters of public record. "Assisting" does include reference to documents, case information, and evidence pertaining to this litigation which are not matters of public record.  This covenant not to sue does not preclude the Law Offices of Keith Cable and the attorneys therein from representing a disabled plaintiff who contacts his office after approval of this Consent Decree in damages action only in state court, or from referring the person seeking their assistance to another law firm with regard to a damages action; nor does it preclude Plaintiff or said Law Offices and attorneys from responding to a valid subpoena or Court order requiring unprivileged information.

**GOOD CAUSE**

15.     If during the period covered by the Consent Decree and Order EL DORADO COUNTY is unable to perform one or more of the duties set out in the Consent Decree and Order, and if the parties are unable to reach agreement after notification of Plaintiff's counsel as required in paragraph 6c, then Defendant may seek relief from the Court, specifically the Honorable Magistrate Judge Kimberly J. Mueller, or if she is not available, from any other Magistrate Judge pursuant to 28 U.S.C. § 636(c), and Defendant shall be entitled to such relief upon a showing of good cause.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: November 19, 2008       By:   /S/ GEORGE LOUIE
                                     Plaintiff GEORGE LOUIE

Dated: November 19, 2008       By:   /S/ EDWARD KEMPER
                                     Plaintiff EDWARD KEMPER

Dated: November 19, 2008       EL DORADO COUNTY

                               By:   /S/ RUSTY DUPRAY
                                     Rusty Dupray, Chairman
                                     El Dorado County Board of Supervisors

APPROVED AS TO FORM

Dated: November 19, 2008       CABLE LAW OFFICES

                               By:   /S/ KEITH D. CABLE
                                     Keith D. Cable, Esq.
                                     Attorney for Plaintiff,
                                     EDWARD KEMPER

**ORDER**

Pursuant to stipulation and good cause shown, IT IS SO ORDERED.

DATED:  November 20, 2008.

_____
U.S. MAGISTRATE JUDGE